MDL DOCKET NO 1446

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re ENRON CORPORATION SECURITIES LITIGATION** | MDL 1446 |
| This Document Relates To: | Civil Action No. H-01-3624 **(Consolidated)** |
| **MARK NEWBY,** *et al.*, Individually and On Behalf of All Others Similarly Situated, | |
| Plaintiffs, | |
| vs. | |
| **ENRON CORP.,** *et al.*, | |
| Defendants. | |
| **SILVERCREEK MANAGEMENT INC.,** *et al.*, | |
| Plaintiffs, | Civil Action No. 4:03-0815 |
| vs. | |
| **CITIGROUP, INC.,** *et al.*, | |
| Defendants. | |

**PLAINTIFFS' MOTION FOR SUGGESTION OF REMAND
TO JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Plaintiffs Silvercreek Management, Inc., Silvercreek Limited Partnership, Silvercreek II Limited, OIP Limited, and Pebble Limited Partnership (collectively, "Silvercreek"), respectfully move this Court to issue a suggestion of remand to the Judicial Panel on Multidistrict Litigation ("JPML") under JPML Rule 10.1(b), sending the action entitled *Silvercreek Management, Inc. et al. v. Citigroup, Inc., et al.*, 4:03-cv-00815 (S.D. Tex.) (the "*Silvercreek II* action"), back to the

transferor court, the United States District Court for the Southern District of New York. The *Silvercreek II* action was transferred to this Court in 2003, as part of *In re Enron Corporation Securities, Derivative & ERISA Litigation*, MDL no.1446 (the "Enron-related cases").

The coordinated and consolidated proceedings in the Enron-related cases have run their course. The consolidated discovery schedule set by this Court (encompassing both fact and expert discovery) was long ago completed, and this Court has presided over the resolution of nearly 200 Enron-related cases. There is no judicial economy or other rationale that requires this Court to do anything further in these proceedings. In this regard, the *Newby* class action has been finally resolved, and only 5 stand-alone cases remain, each with its own case-specific issues. *In re Silica Prods. Liability Litig.*, 298 F. Supp. 2d 563, 568 (S.D. Tex. 2005) (remand appropriate "when everything that remains to be done is case-specific."). In further support of its motion, Silvercreek states as follows:

**A. Background and History of the Case.**

1. Silvercreek filed its first lawsuit related to the Enron debacle in the Southern District of New York in January 2002, captioned *Silvercreek Management, Inc., et al. v. Salomon Smith Barney, Inc., et al.*, Case No. 1:02-413 (the "*Silvercreek I* action"). Silvercreek's case was one of the first filed in the wake of Enron's financial collapse. The defendants in the case included underwriters of certain Enron debt securities purchased by Silvercreek (which were wiped out as a result of Enron's demise), as well as Enron's auditors.

2. In April 2002, the JPML issued a Transfer Order, establishing a consolidated civil proceeding under the caption *In re Enron Corporation Securities, Derivative & ERISA Litigation*, MDL-1446, for civil cases arising from the financial collapse of Enron. *See*, Exhibit A. The JPML selected this Court as the venue for centralization. *Id.* at 2. The *Silvercreek I* action was not included in the initial transfer order.

2

3.   Thereafter, Silvercreek moved the JPML to transfer a case then pending in the Southern District of Texas to the Southern District of New York for separate coordinated and consolidated pretrial proceedings in Enron-related cases brought by or on behalf of holders of Enron debt securities (as distinguished from actions brought by holders of Enron stock). The Panel denied Silvercreek's motion and instead transferred Silvercreek's case to the Southern District of Texas. *See*, Exhibit B. The *Silvercreek I* action was then assigned to this Court for inclusion in the coordinated or consolidated pretrial proceedings occurring in MDL 1446. *Id.* at 2.

4.   Later in 2002, Silvercreek filed a second, more expansive Enron-related action in the Southern District of New York, the instant *Silvercreek II* action. On January 15, 2003, the JPML transferred the *Silvercreek II* action to MDL 1446. *See*, Exhibit C.  Subsequent to the transfers, Silvercreek participated in the consolidated proceedings in MDL 1446, including coordinated fact and expert discovery.

5.   Silvercreek's (and the other stand-alone) actions were stayed for a substantial period during the pendency of the *Newby* class action. After the stay was lifted, Silvercreek filed the operative complaint in the *Silvercreek II* action on August 11, 2011. (Dkt. 121.) Thereafter, the remaining Bank Defendants filed motions to dismiss, which are fully briefed and pending before this Court.

6.   Separately, the claims in the *Silvercreek I* action were finally resolved, and the action was voluntarily dismissed on April 21, 2010. Thus, only the *Silvercreek II* action is the subject of this motion.

7.   As this Court has previously noted, fact and expert discovery in the consolidated Enron-related cases was concluded in 2006. *Unicredito Italiano SPA v. J.P. Morgan Chase*

*Bank, et al.,* Case No. 05-3031, Dkt. No. 168, 2007 WL 4365756, Op. & Order granting remand, at *5 (S.D. Tex. 2007). Furthermore, virtually all of the consolidated cases have now been resolved. In total, based on the published JPML statistics, this Court has presided over the resolution of 194 Enron-related cases and only 5 stand-alone cases appear to remain.

**B. The *Silvercreek II* Action Should be Remanded Now, as the Purpose of the Consolidated Proceedings Has Been Achieved, and Only Case-Specific Issues Remain.**

8. Section 1407(a) provides that actions transferred for consolidated pretrial proceedings "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." 28 U.S.C. § 1407. The word "shall" makes remand mandatory; the Panel must "remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course." *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 36 (1998). "Remand is thus mandatory if (1) the case has not been previously terminated and (2) coordinated or consolidated pretrial proceedings have concluded. In all other cases it is discretionary." *Unicredito Italiano*, 2007 WL 4365756 at *7.

9. This means that even if all pretrial proceedings have not been completed, "the Panel [has] discretion to remand cases. . . ." *In re Fedex Ground Package System, Inc. Employment Practices Litigation*, 2010 WL 3239330 at *1 (N.D. Ind.), especially where only "case-specific proceedings remain. . ." *Id.*

> **i. Two key factors warranting remand – completion of coordinated discovery and the pendency of claims governed by the law of the state where the transferor court sits – are present here.**

10. In exercising its discretion, the Panel's decision to remand "generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Silica Prods. Liability Litig.*, 298 F. Supp. 2d 563, 568 (S.D. Tex. 2005). One of

4

the key factors that the Panel considers is whether discovery in the consolidated actions has been completed. This is because "[t]he primary purpose behind assigning multidistrict litigation to a transferee court is to promote efficiency through the coordination of discovery." *In re Activated Carbon-Based Hunting Clothing Marketing & Sales Practices Litig.*, 840 F. Supp. 2d 1193, 1198 (D. Minn. 2012). In other words, if "the discovery period in all cases has closed. . . the primary purpose of consolidation. . . has been achieved." *Id.*

11. Moreover, several of the claims in the *Silvercreek II* action turn on issues of New York common law, which are best addressed by a New York federal court. *See, In re Activated Carbon*, 840 F. Supp. 2d at 1200 (concluding that state-law "issues are best addressed by courts in the states where the plaintiffs' claims arose"); *In re Ins. Brokerage Antitrust Litig.*, MDL No. 1663, 2009 WL 1874085 at *4 (D.N.J. June 30, 2009) ("[A]djudication of dispositive motions will also require the application of Missouri state statutory and common law. The Court believes that such a detailed review may best be undertaken by the court that sits in that state and more frequently applies the law that controls Plaintiffs' cases."). The presence of these case-specific state law issues "also weighs heavily in favor of remand." *Id.*

   **ii. This Court should enter an order suggesting remand of the Silvercreek II action**

12. Although the authority to remand "lies solely with the Panel," *In re Silica Prods.*, 298 F. Supp. 2d at 667, the timing of the remand largely depends on the discretion of the transferee judge presiding over the consolidated proceedings. "[T]he Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings." *In re Asbestos Products Liab. Litig. (No. VI)*, 545 F. Supp. 2d, 1362, 1363 (J.P.M.L. 2008); *see also* R. PROC. J.P.M.L. 10.3(a) (noting that "the Panel is reluctant to order a

5

remand absent the suggestion of the transferee judge"). Such deference to the transferee judge's suggestion of remand is particularly warranted when, as here, "the vast majority of transferred actions have been successfully concluded in the transferee district during the course of Section 1407 pretrial proceedings." *In re Asbestos Products*, 545 F. Supp. 2d at 1363.

13.   This Court has previously suggested remand to the Panel in other Enron-related cases originally transferred to the Southern District of Texas for coordinated pretrial proceedings. *See, Unicredito Italiano SPA*, 2007 WL 4365756 at *9, and *Vanguard Balanced Index Fund, et al., v. Citibank, N.A., et al.*, Case No. 03-5808 (Dkt. No. 86)

14.   For reasons similar to those previously endorsed by this Court, remand is appropriate for the *Silvercreek II* action as well. *See* R. PROC. J.P.M.L. 10.1(b)(i) (providing that "the Panel may remand an action … upon … the transferee court's suggestion of remand"). "Transfer under § 1407 aims to 'eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts.'" *Gelboim v. Bank of Am. Corp.*, 135 S. Ct. 897, 903 (2015) (quoting Manual for Complex Litigation § 20.131, p. 220 (4th ed. 2004)). Coordinated pretrial discovery is completed, the *Newby* class action has been resolved, and this Court has successfully steered nearly all other cases to resolution. The "pretrial proceedings" have effectively "run their course." *Lexecon*, 523 U.S. at 36.

15.   Further, the Bank Defendants' pending motions to dismiss do not require this Court to delay suggestion of remand. Those motions, which have been fully briefed, involve issues that are intertwined with the merits and may be best resolved by the transferor court who will ultimately try the case. At this stage there is little benefit – other than this Court's familiarity with the legal issues – in continued consolidation of the cases. *See In re Merrill*

*Lynch Auction Rate Sec. Litig.*, 2013 WL 132639, at *2 (S.D.N.Y. Jan. 10, 2013) ("The Court's discretion to suggest remand 'generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL.'"). The transferor court is in as good a position as this Court to dispose of the motions, and will have access to the Court's prior rulings denying similar motions to dismiss. *In re Activated Carbon*, 840 F.Supp.2d at 1201 ("Nor does the Court believe it has obtained any particular expertise from supervising this litigation that would render it more capable than the transferor courts of disposing of the pending Motions [to Dismiss].").

16. Finally, if this Court has already begun to consider the pending motions to dismiss and expects to issue a ruling in the near term, Silvercreek requests that the Court issue a suggestion of remand simultaneously with its decision on those motions. If, however, the Court has not yet had occasion to consider the motion papers, Silvercreek respectfully requests that the Southern District of New York be permitted to decide the motions after transfer. Again, several of the claims in the *Silvercreek II* action are governed by New York law, which is best addressed by a federal court sitting in New York.

17. Prior to filing this motion, counsel for Silvercreek inquired whether the defendants would consent to the relief requested in the motion. Counsel for the Bank Defendants advised that they will oppose this motion. The other defendants did not respond.

## CONCLUSION

WHEREFORE, for all of the reasons set forth above, Silvercreek respectfully requests that this Court issue a suggestion of remand, recommending to the JPML that the *Silvercreek II* action be remanded to the Southern District of New York. As stated by the court in *In re Activated Carbon*, "[a]lthough the Court is leaving some pretrial work undone by suggesting remand, it believes that the central purpose of the JPML referral has been achieved now that

7

discovery is over, class certification has been denied, and what remain are a handful of cases requiring individualized proof on many state-specific issues." *Id.*, 840 F.Supp.2d at 1201. Under these circumstances, the required remand should occur now.

DATED: November 9, 2015                    Respectfully submitted,


                                                           By: /s/ Scott F. Hessell
                                                                 Bruce S. Sperling (pro hac vice)
                                                                 Eugene J. Frett (pro hac vice)
                                                                 Scott F. Hessell (pro hac vice)
                                                                 SPERLING & SLATER, P.C.
                                                                 55 West Monroe, Suite 3200
                                                                 Chicago, Illinois 60603
                                                                 (312) 641-3200
                                                                 **Attorneys for the Silvercreek Plaintiffs**

# Exhibit A

A CERTIFIED TRUE COPY
APR 16 2002
ATTEST
FOR THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
APR 16 2002
FILED
CLERK'S OFFICE

**RELEASED FOR PUBLICATION**

**DOCKET NO. 1446**

*M 01-3624*

**BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

## IN RE ENRON CORP. SECURITIES, DERIVATIVE & "ERISA" LITIGATION

BEFORE WM. TERRELL HODGES,* CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN* AND J. FREDERICK MOTZ,* JUDGES OF THE PANEL

United States Courts
Southern District of Texas
FILED
APR 19 2002
Michael N. Milby, Clerk

### TRANSFER ORDER

This litigation currently consists of the 54 actions listed on the attached Schedule A and pending in five districts as follows: 40 actions now consolidated into three actions in the Southern District of Texas, eleven actions in the Eastern District of Texas, and one action each in the Eastern District of Arkansas, the Southern District of California, and the Southern District of Florida.[1] Plaintiffs in two of the Eastern District of Texas actions move the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the actions in the Eastern District of Texas for coordinated or consolidated pretrial proceedings. None of the parties now before the Panel opposes centralization. The only real dispute concerns selection of the transferee district. In addition to the Eastern District of Texas forum proffered by movants, the Southern District of Texas and the Western District of Oklahoma have been suggested by various respondents.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Southern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions concerning allegedly negligent and/or fraudulent conduct relating to the financial collapse of Enron Corp. (Enron). Whether the actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Enron, or participants in Enron retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that this litigation has a strong Texas nexus and that the appropriate transferee forum for centralized pretrial proceedings is the Southern District of Texas. We note that i) many parties, witnesses and documents will be found in Houston, where Enron is headquartered and where Enron's

---

*Judges Hodges, Jensen and Motz took no part in the decision of this matter.

[1] The motion before the Panel pertained to one additional Southern District of Texas action that has since been dismissed, *City of Birmingham Retirement and Relief Plan v. Enron Corp., et al.*, C.A. No. 4:01-3940. Accordingly, the question of Section 1407 transfer with respect to this action is moot. Additionally, the Panel has been notified of more than 40 potentially related actions now pending in federal district courts. In light of the Panel's disposition of this docket, these additional actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

auditors performed much of their audit work; ii) most of the actions have been brought in the Southern District of Texas, and the majority of responding MDL-1446 parties have expressed a preference for that forum; iii) proceedings are furthest advanced in S.D. Texas; and iv) a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of Texas are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Melinda Harmon for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

John F. Keenan
Acting Chairman

# SCHEDULE A

MDL-1446 -- In re Enron Corp. Securities, Derivative & "ERISA" Litigation

### Eastern District of Arkansas

*Stephen A. McIntyre v. Kenneth L. Lay, et al.*, C.A. No. 4:01-836

### Southern District of California

*Mark E. McKinney v. Enron Corp., et al.*, C.A. No. 3:01-2182

### Southern District of Florida

*Diana M. Perez v. Enron Corp., et al.*, C.A. No. 1:01-4951

### Eastern District of Texas

*David R. Wortham v. Enron Corp., et al.*, C.A. No. 5:01-299
*David Trzebucki, et al. v. Andrew S. Fastow, et al.*, C.A. No. 5:01-308
*Duane Mceachern v. Enron Corp., et al.*, C.A. No. 5:01-310
*William E. Davis, et al. v. Enron Corp., et al.*, C.A. No. 5:01-313
*John Anson v. Kenneth L. Lay, et al.*, C.A. No. 5:01-318
*Leslie H. Duncan v. Kenneth L. Lay, et al.*, C.A. No. 5:01-319
*John Barnett v. Kenneth L. Lay, et al.*, C.A. No. 5:01-320
*Shelly Douglass v. Kenneth L. Lay, et al.*, C.A. No. 5:01-321
*Stephen Phillips v. Kenneth L. Lay, et al.*, C.A. No. 5:01-322
*Phil E. Parham, et al. v. Kenneth L. Lay, et al.*, C.A. No. 5:01-323
*Lynn Goffman, et al. v. Robert A. Belfer, et al.*, C.A. No. 9:01-289

### Southern District of Texas

*Mark Newby, et al. v. Enron Corp., et al.*, C.A. No. 4:01-3624
*Seth Abrams, et al. v. Enron Corp., et al.*, C.A. No. 4:01-3630
*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Kenneth L. Lay, et al.*,
  C.A. No. 4:01-3645
*Robert J. Casey, II, et al. v. Enron Corp., et al.*, C.A. No. 4:01-3647
*Frank Wilson v. Enron Corp., et al.*, C.A. No. 4:01-3652
*J. Michael Gottesman v. Enron Corp., et al.*, C.A. No. 4:01-3660
*Avigayil Greenberg v. Enron Corp., et al.*, C.A. No. 4:01-3670
*Robert Christianson v. Enron Corp., et al.*, C.A. No. 4:01-3671
*Ernest Gottdiener v. Enron Corp., et al.*, C.A. No. 4:01-3681

- 2 -

MDL-1446 Schedule A (Continued)

### Southern District of Texas (Continued)

*Muriel P. Kaufman, IRA v. Enron Corp., et al.*, C.A. No. 4:01-3682
*John P. McCarthy Money Purchase Plan v. Enron Corp., et al.*, C.A. No. 4:01-3686
*Joseph E. Kassoway, etc. v. Andrew S. Fastow, et al.*, C.A. No. 4:01-3690
*Michael Koroluk v. Enron Corp., et al.*, C.A. No. 4:01-3733
*James Brill v. Enron Corp., et al.*, C.A. No. 4:01-3734
*Elmar A. Busch v. Enron Corp., et al.*, C.A. No. 4:01-3735
*Warren Pinchuck v. Enron Corp., et al.*, C.A. No. 4:01-3736
*Mahin S. Mashayekh v. Enron Corp., et al.*, C.A. No. 4:01-3737
*Barbara D. Lee v. Enron Corp., et al.*, C.A. No. 4:01-3789
*Danielle M. Karcich, et al. v. Enron Corp., et al.*, C.A. No. 4:01-3838
*Naomi Raphael v. Enron Corp., et al.*, C.A. No. 4:01-3839
*Victor Ronald Frangione v. Enron Corp., et al.*, C.A. No. 4:01-3889
*Patricia D. Parsons v. Enron Corp., et al.*, C.A. No. 4:01-3903
*Pamela M. Tittle, et al. v. Enron Corp., et al.*, C.A. No. 4:01-3913
*John Odam, et al. v. Enron Corp., et al.*, C.A. No. 4:01-3914
*Frank Anthony Cammarata, III v. Enron Corp., et al.*, C.A. No. 4:01-3993
*Fred Greenberg v. Robert A. Belfer, et al.*, C.A. No. 4:01-3998
*George Nicoud v. Enron Corp., et al.*, C.A. No. 4:01-4009
*Roy E. Rinard, et al. v. Enron Corp., et al.*, C.A. No. 4:01-4060
*Michael P. Harney v. Enron Corp., et al.*, C.A. No. 4:01-4063
*Archdiocese of Milwaukee Supporting Fund, Inc. v. Enron Corp., et al.*,
   C.A. No. 4:01-4071
*Gary W. Kemper, et al. v. Enron Corp., et al.*, C.A. No. 4:01-4089
*Kenneth Franklin v. Enron Corp., et al.*, C.A. No. 4:01-4106
*Enron Corp. Savings Plan v. Enron Corp., et al.*, C.A. No. 4:01-4108
*Betty J. Clark v. Enron Corp., et al.*, C.A. No. 4:01-4125
*Dorothy Ricketts v. Enron Corp., et al.*, C.A. No. 4:01-4128
*Richard Pottratz, et al. v. Enron Corp., et al.*, C.A. No. 4:01-4150
*Susan Copley v. Kenneth L. Lay, et al.*, C.A. No. 4:01-4168
*James J. Daley, etc. v. Enron Corp., et al.*, C.A. No. 4:01-4189
*Amalgamated Bank, etc. v. Kenneth L. Lay, et al.*, C.A. No. 4:01-4198
*Catherine Stevens, et al. v. Enron Corp. Savings Plan Administrative Committee, et al.*,
   C.A. No. 4:01-4208

# Exhibit B

MDL 1446

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 24 2002

FILED
CLERK'S OFFICE

### DOCKET NO. 1446

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ENRON CORP. SECURITIES, DERIVATIVE & "ERISA" LITIGATION

*Silvercreek Management, Inc., et al. v. Salomon Smith Barney, Inc., et al.*, S.D. New York, C.A. No. 1:02-413

*Pulsifer & Associates v. Kenneth L. Lay, et al.*, S.D. Texas, C.A. No. 4:01-4356

### BEFORE WM. TERRELL HODGES,* CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN* AND J. FREDERICK MOTZ,* JUDGES OF THE PANEL

### TRANSFER ORDER

On April 16, 2002, the Panel entered an order in this docket centralizing in the Southern District of Texas before Judge Melinda Harmon various securities fraud actions, shareholder derivative actions and retirement plan actions that all shared factual questions concerning allegedly negligent and/or fraudulent conduct relating to the financial collapse of Enron Corp. (Enron). *In Re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 196 F.Supp.2d 1375 (J.P.M.L. 2002). Now before the Panel is a motion brought, pursuant to 28 U.S.C. § 1407, by plaintiffs in a Southern District of New York action (*Silvercreek*) seeking transfer of a Southern District of Texas action (*Pulsifer*) to the Southern District of New York for coordinated or consolidated pretrial proceedings with *Silvercreek*.[1] In so moving, the *Silvercreek* plaintiffs essentially are seeking separate Section 1407 centralization of securities actions brought by or on behalf of holders of Enron debt securities (as distinguished, e.g., from actions brought by holders of Enron stock). Supporting transfer of *Pulsifer* to the New York district are defendants Goldman, Sachs & Co., Banc of America Securities LLC and Salomon Smith Barney Inc. The *Pulsifer* plaintiffs initially supported transfer of their action to New York, but they have since withdrawn that support and now favor transfer of New York's *Silvercreek* to the Southern District of Texas. Other oppositions to transfer have been filed by i) *Pulsifer* and *Silvercreek* defendant Arthur Andersen LLP, ii) *Pulsifer* defendants Kenneth Lay and Andrew Fastow; and iii) the lead plaintiff (designated pursuant to the Private Securities Litigation Reform Act) in the consolidated Southern District of Texas securities action, The Regents

---

*Judges Hodges, Jensen and Motz took no part in the decision of this matter.

[1] Neither *Silvercreek* nor *Pulsifer* was expressly included on the schedule of actions accompanying the original MDL-1446 transfer motion considered by the Panel. *Pulsifer*, however, has been ordered consolidated by the MDL-1446 transferee judge into the lead securities action pending before her in the Southern District of Texas (and this lead securities action was among the actions subject to both i) the original MDL-1446 motion, and ii) the Panel's order directing centralization of this docket in the Southern District of Texas).

**OFFICIAL FILE COPY** IMAGED JUN 27 '02

of the University of California. These opponents, like the *Pulsifer* plaintiffs, favor transfer of *Silvercreek* to the Southern District of Texas for Section 1407 centralization with the other MDL-1446 actions already centralized by the Panel in that district.

On the basis of the papers filed and hearing session held, the Panel finds that these two actions involve common questions of fact with actions in this litigation previously transferred to the Southern District of Texas, and that transfer of *Silvercreek* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[2] In originally ordering transfer in this docket, the Panel noted that whether the MDL-1446 actions be brought by securities holders seeking relief under the federal securities laws, shareholders suing derivatively on behalf of Enron, or participants in Enron retirement savings plans suing for violations of the Employee Retirement Income Security Act of 1974, all MDL-1446 actions could be expected to focus on a significant number of common events, defendants, and/or witnesses. The same observation holds true with respect to actions or claims brought by Enron debtholders (and indeed various debtholder claims were included among the claims in some of the actions centralized in the Panel's April 2002 order). We thus conclude that the proposed mini-MDL limited to debtholder claims that is now sought by the *Silvercreek* plaintiffs would defeat the objectives behind the Panel's original MDL-1446 order of centralization.

Proponents of separate centralization in the New York forum have argued that such an approach is preferable because debtholder claims involve additional unique issues, parties or legal theories. We are not persuaded by this contention. We point out that transfer under Section 1407 does not require a complete identity or even majority of common factual issues as a prerequisite to transfer. Nor is the presence of additional or differing legal theories or parties significant when the underlying actions still arise from a common factual core. We observe that transfer of *Silvercreek* to the Southern District of Texas under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. To those parties who continue to be concerned about limited commonality with other MDL-1446 actions, we also point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-438 (2001).

Finally, to certain *Silvercreek* defendants who ask that any transfer of *Silvercreek* be deferred pending resolution of motions to dismiss that they have filed in *Silvercreek*, we note that such matters can be presented to and decided by the transferee judge. Indeed, transfer will have the additional benefit of promoting consistent resolution of such matters in all MDL-1446 actions.

---

[2] Inasmuch as *Pulsifer* is already pending before the MDL-1446 transferee court as part of a consolidated MDL-1446 action, the Panel need take no further action with respect to *Pulsifer*.

- 3 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, *Silvercreek Management, Inc., et al. v. Salomon Smith Barney, Inc., et al.*, S.D. New York, C.A. No. 1:02-413, is transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Melinda Harmon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

John F. Keenan
Acting Chairman

# Exhibit C

OCT 14 2000 3:21PM HP LASERJET 3200    p.3

Case 4:03-cv-00815 Document 5 Filed in TXSD on 03/07/03 Page 9 of 9



DOCKET NO. 1446

DEC 3 0 2002
FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ENRON CORP. SECURITIES, DERIVATIVE & "ERISA" LITIGATION

02-8881

~~Connecticut Resources Recovery Authority v. Kenneth L. Lay, et al.,~~
~~D. Connecticut, C.A. No. 3:02-2095~~ Opposed 1/14/03
~~PERS of Mississippi, et al. v. Kenneth L. Lay, et al., S.D. Mississippi, C.A. No. 3:02-1704~~
Silvercreek Management, Inc., et al. v. CitiGroup, Inc., et al.,
S.D. New York, C.A. No. 1:02-8881

H-03-0815

Opposed 1/8/03

### CONDITIONAL TRANSFER ORDER (CTO-9)

On April 16, 2002, the Panel transferred 14 civil actions to the United States District Court for the Southern District of Texas for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 14 additional actions have been transferred to the Southern District of Texas. With the consent of that court, all such actions have been assigned to the Honorable Melinda Harmon.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Southern District of Texas and assigned to Judge Harmon.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Southern District of Texas for the reasons stated in the order of April 16, 2002, 196 F.Supp.2d 1375 (J.P.M.L. 2002), and, with the consent of that court, assigned to the Honorable Melinda Harmon.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Southern District of Texas. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

*Michael J. Beck*
Michael J. Beck
Clerk of the Panel

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk
By_____
Deputy

Inasmuch as no objection is pending at this time, the stay is lifted.

JAN 1 5 2003

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

#65

## **CERTIFICATION**

I certify that on November 9, 2015, a true and correct copy of the foregoing was served to all registered users through the Court's ECF/CM filing system.

By: /s/ Scott F. Hessell
Attorney for Plaintiffs