# CRAVATH, SWAINE & MOORE LLP

| | | | | |
|---|---|---|---|---|
| JOHN W. WHITE | PHILIP J. BOECKMAN | WORLDWIDE PLAZA | ERIC W. HILFERS | D. SCOTT BENNETT |
| EVAN R. CHESLER | WILLIAM V. FOGG | 825 EIGHTH AVENUE | GEORGE F. SCHOEN | TING S. CHEN |
| PHILIP A. GELSTON | FAIZA J. SAEED | NEW YORK, NY 10019-7475 | ERIK R. TAVZEL | CHRISTOPHER K. FARGO |
| RICHARD W. CLARY | RICHARD J. STARK | | CRAIG F. ARCELLA | KENNETH C. HALCOM |
| JAMES D. COOPER | THOMAS E. DUNN | TELEPHONE: +1-212-474-1000 | DAMIEN R. ZOUBEK | DAVID M. STUART |
| STEPHEN L. GORDON | MARK I. GREENE | FACSIMILE: +1-212-474-3700 | LAUREN ANGELILLI | AARON M. GRUBER |
| DANIEL L. MOSLEY | DAVID R. MARRIOTT | | TATIANA LAPUSHCHIK | O. KEITH HALLAM, III |
| ROBERT H. BARON | MICHAEL A. PASKIN | | ERIC L. SCHIELE | OMID H. NASAB |
| DAVID MERCADO | ANDREW J. PITTS | | ALYSSA K. CAPLES | DAMARIS HERNÁNDEZ |
| CHRISTINE A. VARNEY | MICHAEL T. REYNOLDS | CITYPOINT | JENNIFER S. CONWAY | JONATHAN J. KATZ |
| PETER T. BARBUR | ANTONY L. RYAN | ONE ROPEMAKER STREET | MINH VAN NGO | MARGARET SEGALL D'AMICO |
| SANDRA C. GOLDSTEIN | GEORGE E. ZOBITZ | LONDON EC2Y 9HR | KEVIN J. ORSINI | RORY A. LERARIS |
| THOMAS G. RAFFERTY | GEORGE A. STEPHANAKIS | TELEPHONE: +44-20-7453-1000 | MATTHEW MORREALE | KARA L. MUNGOVAN |
| MICHAEL S. GOLDMAN | DARIN P. MCATEE | FACSIMILE: +44-20-7860-1150 | JOHN D. BURETTA | |
| RICHARD HALL | GARY A. BORNSTEIN | | J. WESLEY EARNHARDT | |
| JULIE A. NORTH | TIMOTHY G. CAMERON | | YONATAN EVEN | SPECIAL COUNSEL |
| ANDREW W. NEEDHAM | KARIN A. DEMASI | | BENJAMIN GRUENSTEIN | SAMUEL C. BUTLER |
| STEPHEN L. BURNS | LIZABETHANN R. EISEN | WRITER'S DIRECT DIAL NUMBER | JOSEPH D. ZAVAGLIA | |
| KEITH R. HUMMEL | DAVID S. FINKELSTEIN | +1-212-474-1227 | STEPHEN M. KESSING | |
| DAVID J. KAPPOS | DAVID GREENWALD | | LAUREN A. MOSKOWITZ | |
| DANIEL SLIFKIN | RACHEL G. SKAISTIS | | DAVID J. PERKINS | OF COUNSEL |
| ROBERT I. TOWNSEND, III | PAUL H. ZUMBRO | WRITER'S EMAIL ADDRESS | JOHNNY G. SKUMPIJA | MICHAEL L. SCHLER |
| WILLIAM J. WHELAN, III | JOEL F. HEROLD | rclary@cravath.com | J. LEONARD TETI, II | |

November 17, 2017

<u>Silvercreek Management, Inc., *et al.* v. Citigroup, Inc., *et al.*,</u>
<u>No. 02-cv-08881-JPO (S.D.N.Y.)</u>

Dear Judge Oetken:

       I write on behalf of Credit Suisse First Boston LLC (n/k/a Credit Suisse Securities (USA) LLC), Credit Suisse First Boston (USA), Inc. (n/k/a Credit Suisse (USA), Inc.) and Pershing LLC ("Credit Suisse"). Pursuant to the Court's November 9, 2017 Order, Credit Suisse respectfully requests that it be granted leave to file under seal a hearing transcript from a criminal case against non-party former Enron employees, which Credit Suisse submitted as an exhibit in support of its Motion for Summary Judgment in the above-referenced action.

       Under Part 2(E)(ii) of the Court's Individual Practices in Civil Cases, a party seeking to file a document under seal or in redacted form must "explain[] the reasons for seeking to file the submission under seal, addressing the standard set out in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006)." Under *Lugosch*, "[t]here is a common law presumption in favor of permitting public access to judicial documents, which are those documents relevant to the performance of the judicial function and useful in the judicial process." 435 F.3d at 119 (quotation omitted). The court balances this common law presumption of access against competing interests, including "the privacy interests of those resisting disclosure." *Id.* at 120 (quotation omitted).

      Credit Suisse does not seek to file under seal any exhibits containing Credit Suisse documents or any testimony of Credit Suisse witnesses. Nor does Credit Suisse seek to file under seal any documents or testimony from Silvercreek, as Plaintiffs have confirmed that they will not assert confidentiality over the Silvercreek materials that Defendants submitted in support of their motions for summary judgment. In addition, Credit Suisse does not seek to file under seal documents from Enron or Arthur Andersen,

because the relevant investigations and proceedings that might have justified confidential treatment of such documents have concluded.

Instead, Credit Suisse seeks only to file under seal its Exhibit C284: a hearing transcript from a criminal case against several former Enron employees—none of whom is a party to this action—which currently is sealed on the docket for the Southern District of Texas.[1] (Decl. Richard W. Clary Supp. Credit Suisse's Mot. Summ. J. ("Clary Decl.") Ex. C284; *see United States v. Howard*, No. 4:03-cr-00093 (S.D. Tex.), ECF 206.) Credit Suisse seeks to file this transcript under seal out of an abundance of caution, given the nature of those proceedings and the fact that the transcript is not available on the public docket. Credit Suisse takes no position regarding the transcript's confidentiality but presumes that the privacy or other interests of the criminal litigants outweigh the presumption of public access under *Lugosch*. Sealing this exhibit would not require redacting Credit Suisse's brief or Local Rule 56.1 statement.

We have sent an e-mail to the Court enclosing a copy of Exhibit C284. All other exhibits and motion papers will be filed on the public docket.

Respectfully submitted,

/s/ Richard W. Clary

Richard W. Clary


The Honorable J. Paul Oetken
   U.S. District Court for the Southern District of New York
      Thurgood Marshall United States Courthouse
         40 Foley Square
            New York, NY 10007

BY ECF

Copy to:

All counsel of record

BY ECF

---

[1] Also among the exhibits to the Clary Declaration are witness declarations and other documents that contain personal information like home addresses and employment histories. (*See* Clary Decl. Exs. C201-C202, C285-C299.) Pursuant to Part 2(E)(i) of the Court's Individual Practices in Civil Cases, those exhibits have been redacted and will be filed on the public docket without an accompanying motion to seal.