SPERLING & SLATER
PROFESSIONAL CORPORATION

TELEPHONE
(312) 641-3200
FACSIMILE
(312) 641-6492

55 WEST MONROE STREET
SUITE 3200
CHICAGO, IL 60603

February 12, 2019

**VIA ECF**
Honorable J. Paul Oetken
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

> *Re:*   *Silvercreek Management, Inc., et al. v. Citigroup, Inc., et al.,*
> **Case No. 02-CV-08881-JPO**

Dear Judge Oetken:

     I write on behalf of the Silvercreek Plaintiffs in response to the Court's Order, dated January 17, 2019. The Silvercreek Plaintiffs intend to pursue their claims against Defendants Causey and Skilling to conclusion. Although the parties have attempted to resolve these last remaining claims, at this juncture it appears unlikely the parties will be able to reach a settlement.

     Previously, during the pendency of the Silvercreek Plaintiffs' claims against the remaining Bank Defendants, a trial of this matter appeared necessary. However, now that the Silvercreek Plaintiffs have resolved their claims against the remaining Bank Defendants, a trial should no longer be needed, as there are no disputes of fact concerning certain of the Silvercreek Plaintiffs' claims against Defendants Causey and Skilling; namely, Counts 7 (Violations of Section 11 of the Securities Act) and 9 (Violations of Article 581-1 et seq. of the Texas Securities Act) of the Third Amended Complaint.

     Because the Silvercreek Plaintiffs anticipate that any judgment on their Section 11 and TSA claims will sufficiently compensate them, given their current understanding of the assets possessed by Defendants Causey and Skilling, the Silvercreek Plaintiffs do not believe a trial on their other claims will be necessary. For this reason, the Silvercreek Plaintiffs will move to voluntarily dismiss, pursuant to Fed.R.Civ.P. 41(a)(2), those other claims against Defendants Causey and Skilling, i.e., Counts 4 (Fraud and Deceit), 5 (Negligent Misrepresentation) and 10 (Violations of 10(b) of the Securities Exchange Act).

     As to the remaining two counts, the Silvercreek Plaintiffs move the Court for leave to file motions for summary judgment against Defendants Causey and Skilling with respect to Counts 7 and 9. Based on the criminal convictions against Causey and Skilling related to their respective roles in the Enron accounting fraud, including material misstatements and omissions in Enron's SEC filings, there are no genuine issues of material fact in dispute with respect to these claims. Notably, unlike the fraud and negligent misrepresentation claims, the Silvercreek Plaintiffs' Section 11 and TSA claims are strict liability and do not require proof of elements such as reliance

SPERLING & SLATER

Honorable J. Paul Oetken  
February 11, 2019  
Page 2

and loss causation.

As a consequence, the Silvercreek Plaintiffs propose that the current trial schedule be vacated in favor of a relatively short 75 day briefing schedule on motions for summary judgment. The Silvercreek Plaintiffs propose the following briefing schedule:

- Plaintiffs to file motions for summary judgment on Counts 7 and 9 on or before March 15, 2019, and to simultaneously file a motion to voluntarily dismiss Counts 4, 5 and 10;
- Defendants to respond by April 15, 2019; and
- Plaintiffs to file any reply in support by April 30, 2019.

Thereafter, the Court can determine whether oral argument on the motions are necessary. Should the Court deny the Silvercreek Plaintiffs leave to file the contemplated motions for summary judgment, we are prepared to proceed to trial on Counts 7 and 9 against Defendants Causey and Skilling on the current schedule. We anticipate that trial on these claims can be completed in seven trial days or less but will nonetheless involve a substantial investment of the parties and the Court's time. The undersigned contacted counsel for Defendants Causey and Skilling in advance of filing this letter but have not yet received a response as to their positions.

Respectfully submitted,

Scott F. Hessell

cc:   *Counsel of Record (via ECF)*